United States District Court
District of Massachusetts

| | |
|---|---|
| Aboubakr Elsayed,                )<br>                                 )<br>         Plaintiff,             )<br>                                 )<br>    v.                           )<br>                                 )    Civil Action No.<br>United States Postal Service,    )    21-11449-NMG<br>                                 )<br>         Defendant.              )<br>                                 ) | |

MEMORANDUM & ORDER

**Gorton, J.**

The present action arises out of a claim of plaintiff Aboubakr Elsayed ("Elsayed" or "the plaintiff") that the United States Postal Service ("USPS" or "the defendant") lost a package containing 11 iPhones that Elsayed had placed in the mail, addressed to a friend in Washington, D.C.  On March 5, 2021, approximately one and a half years after his package was lost, Elsayed sued USPS in state District Court in New Bedford, Massachusetts.

In September, 2021, USPS removed the action to this Court pursuant to 28 U.S.C. § 1441(a), 1442(a) and 39 U.S.C. § 409(a) and moved to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, that motion will be allowed.

I.  **Motion to Dismiss**

Absent waiver, the sovereign immunity of the federal government shields it and its agencies from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Jurisdiction to sue the United States must be found in an express Congressional waiver of immunity or consent to be sued and, in general, statutes waiving sovereign immunity should be strictly construed. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995), see United States v. White Mountain Apache Tribe, 573 U.S. 465, 472 (2003). Unless a suit against the government falls within the terms of a waiver, jurisdiction cannot be maintained. White Mountain, 537 U.S. at 472.

The sovereign immunity of the federal government extends to USPS, Dolan v. United States Postal Serv., 546 U.S. 481, 484 (2006), and the government has not waived its immunity for claims arising out of lost mail, 28 U.S.C. § 2680(b) (excepting from limited waiver of sovereign immunity made in § 1346(b) "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). Therefore, the federal courts lack subject matter jurisdiction over such claims against USPS. See Bahiakina v. United States Postal Serv., 102 F. Supp. 3d 369, 372 (D. Mass. 2015). Because Elsayed's claim arises out of the loss of his package by USPS, the Court lacks subject matter jurisdiction and must dismiss the action.

-3-

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 3) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 7, 2021